# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON JAVON THOMPSON,<br><br>          Petitioner,<br><br>   vs.<br><br>KIM HOLLAND (Warden),<br>          Respondent. | Case No. CV 15-06910-CJC (KES)<br><br>ORDER TO SHOW CAUSE |

     On August 24, 2015, Petitioner, who currently is confined at a state prison in Tehachapi, California, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. §2254 in the United States District Court for the Eastern District of California. (DE #1.) Petitioner is challenging a Los Angeles County Superior Court conviction for one count of sexual assault of a child under the age of 14 and one count of continuous sexual abuse of a child. (Id.) Petitioner alleges the following contentions: (1) Petitioner's right to effective assistance of counsel under the Sixth Amendment of the United States Constitution and California Constitution were violated. Specifically, trial counsel failed to secure the attendance of defense expert, Dr. Ari Kalechstein, a neuropsychological expert with a specialty in developmental disabilities, depriving Petitioner of a meaningful defense and valuable testimony at trial; (2) Substantial evidence does not support the trial court's

finding of Petitioner's competence to stand trial; and (3) The admission of Petitioner's statements to the police violated Petitioner's Fifth Amendment rights under Miranda v. Arizona, 384 U.S. 436 (1996). ( Id. at 16-21.[1])

On August 28, 2015, an "Order Transferring Case To the United States District Court for the Central District of California"[2] was issued by Magistrate Judge Sandra M. Snyder. (DE #2.)

The Court's review of the Petition reveals that it suffers from the following deficiencies.

First, under 28 U.S.C. § 2254(b), habeas relief may not be granted unless the petitioner has exhausted the remedies available in the courts of the State. As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that the prisoner's contentions be "fairly presented" to the state courts and be disposed of on the merits by the highest court of the state. James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994). In order to satisfy the fair presentation requirement, the prisoner must describe in the state court

---

[1] All page citations to the Petition are to the CM/ECF docket.

[2] Since Petitioner was convicted in Los Angeles County, the Petition should have been filed in the Central District of California pursuant to 28 U.S.C. § 1391(b).

proceedings <u>both</u> the operative facts and the federal legal theory on which his claim is based. <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."); <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts, . . . or that a somewhat similar state-law claim was made."); <u>Lyons v. Crawford</u>, 232 F.3d 666, 670 (9th Cir. 2000) ("[T]he petitioner must make the federal basis [of the claim] explicit either by citing federal law or the decisions of federal courts, even if the federal basis of a claim is 'self-evident,' or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds."), <u>as amended by</u> 247 F.3d 904 (9th Cir. 2001); <u>Davis v. Silva</u>, 511 F.3d 1005, 1009 (9th Cir. 2008).

Petitioner has the burden of demonstrating that he has exhausted available state remedies. <u>See, e.g.</u>, <u>Brown v. Cuyler</u>, 669 F.2d 155, 158 (3d Cir. 1982).

Here, it appears from a review of the Petition that Petitioner presented the above-noted claims to the California Court of Appeal[3] on direct review. Petitioner has also presented his claims on habeas review to the Los Angeles County Superior Court and the California Court of Appeal. (DE #1 at 24-28, 39.) Petitioner alleges that in

---

[3] The Court obtained a copy of the California Court of Appeal's opinion in <u>The People v. Jason Javon Thompson,</u> Case No. B242201, issued on June 20, 2013. The Court also notes that Petitioner filed a "Petition for Review" in the California Supreme Court which was denied on September 18, 2013. The Court can take judicial notice of the California Appellate Courts website. <u>Porter v. Ollison</u>, 620 F.3d 952, 954-55 (9th Cir. 2010).

October of 2014, he filed a habeas petition in the California Supreme Court raising an ineffective assistance of counsel claim which is currently pending in the California Supreme Court. (DE #1 at 3, 5.) The Court, however, has not been able to locate this Petition in the California Supreme Court's docket.

Furthermore, it is unclear to the Court whether the ineffective assistance of counsel claim allegedly pending in the California Supreme Court contains new facts that have not been exhausted or is the same claim that Petitioner raised on direct appeal and in his Petition for Review. If the ineffective assistance of counsel claim contains new facts and is not exhausted, than the instant Petition would be considered a "mixed"petition. Under the total exhaustion rule of Rose v. Lundy, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed. See Rose, 455 U.S. at 522. However, the Ninth Circuit has held that "a petitioner who files a mixed petition must, at a minimum, be offered leave to amend the petition to delete any unexhausted claims and to proceed on the exhausted claims." Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. 2013); Jefferson v. Budge, 419 F.3d 1013, 1016-17 (9th Cir. 2005).

If the ineffective assistance of counsel claim is unexhausted, Petitioner may request a stay under either Rhines v. Weber, 544 U.S. 269, (2005) or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). In Rhines, 544 U.S. at 277, the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his or her unexhausted claims. Under Rhines, the prerequisites for obtaining a stay while the petitioner exhausts his state remedies are: (1) that the petitioner show good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation tactics or intentional delay." See id. at 277-78.

The Rhines "good cause" requirement does not apply to the alternative stay procedure recognized by the Ninth Circuit in Kelly, 315 F.3d at 1070-71 and King v.

Ryan, 564 F.3d 1133, 1139-40 (9th Cir.), cert. denied, 130 S.Ct. 214 (2009) (aka the "Kelly procedure"). Under the Kelly procedure, the Court has the discretion to stay and hold in abeyance a fully exhausted petition in order to provide the petitioner with the opportunity to proceed to state court to exhaust his or her unexhausted claims. Then, once the claims have been exhausted in state court, the petitioner may return to federal court and amend the stayed federal petition to include the newly-exhausted claims. Kelly, 315 F.3d at 1070-71; Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005); James v. Pliler, 269 F.3d 1124, 1126-27 (9th Cir. 2002).

IT THEREFORE IS ORDERED that, on or before **October 14, 2015**, Petitioner either (a) file a stay-and-abeyance motion if he believes he can make the requisite showings; or (b) show cause in writing, if any he has, why the Court should not recommend that this action be dismissed without prejudice for failure to fully exhaust state remedies. For example, Petitioner could provide a copy of his California Supreme Court petition if it shows that all claims in the instant federal petition are exhausted.

DATED: September 11, 2015

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE